# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

__MONTgomery__ County

| For Prothonotary Use Only: |
| --- |
| Docket No: **23-22995** |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☑ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
**Brian Thompson**

Lead Defendant's Name:
**Mohamed Safa**

Are money damages requested? ☑ Yes  ☐ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☑ outside arbitration limits

Is this a *Class Action Suit?*  ☐ Yes  ☑ No

Is this an *MDJ Appeal?*  ☐ Yes  ☑ No

Name of Plaintiff/Appellant's Attorney: __Brian Thompson__

☑ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:**  Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☑ Other:
  __Retaliation__

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:



2023-22995-0000  10/17/2023 1:41 PM # 14138166
Rcpt#Z4596389  Fee:$0.00  Complaint Civil Action
Main (Public)
MontCo Prothonotary

*Updated 1/1/2011*



IN THE COURT OF COMMON PLEAS
MONTRGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN THOMPSON/JQ-0773<br>1200 MOKYCHIC DRIVE<br>COLLEGEVILLE, PA 19426,<br>(Mail By Court Only); | : | CIVIL ACTION |
| | : | No. 23-22995 |
| | : | |
| BRIAN THOMPSON/JQ-0773<br>P.O. BOX 33028<br>ST. PETERSBURG, FL. 33733,<br>(Mail By Defendant); | : | |
| | : | JURY TRIAL DEMAND |
| | : | |
| Plaintiff, | : | |
| | : | |
| -V- | : | **CIVIL COMPLAINT** |
| MOHAMED SAFA, (Sergeant);<br>1200 MOKYCHIC DRIVE<br>COLLEGEVILLE, PA 19426, | : | |
| | : | |
| Defendants. | : | |
| | : | |

IN THE COURT OF COMMON PLEAS
MONTRGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN THOMPSON/JQ-0773<br>1200 MOKYCHIC DRIVE<br>COLLEGEVILLE, PA 19426,<br>(Mail By Court Only); | : | CIVIL ACTION |
| | : | No. 23-22995 |
| | : | |
| BRIAN THOMPSON/JQ-0773<br>P.O. BOX 33028<br>ST. PETERSBURG, FL. 33733,<br>(Mail By Defendant); | : | |
| | : | JURY TRIAL DEMAND |
| | : | |
| Plaintiff, | : | |
| | : | Montgomery Co Prothonotary<br>OCT 17 '23 PM 1:50 |
| -V- | : | **NOTICE TO DEFEND** |
| MOHAMED SAFA, (Sergeant);<br>1200 MOKYCHIC DRIVE<br>COLLEGEVILLE, PA 19426, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## N O T I C E

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the

1

court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
100 West Airy Street (Rear)
Norristown, Pennsylvania 19404-0268
(610) 279-9660, Extension 201
WWW.Pabar.Org.

IN THE COURT OF COMMON PLEAS
MONTRGOMERY COUNTY, PENNSYLVANIA

BRIAN THOMPSON,                           :          CIVIL ACTION

                                          :          No. _23 – 22995_

                    Plaintiff,            :

        -V-                                           Montgomery Co Prothonotary
                                                      OCT 17 '23 PM 1:50
                                          :

MOHAMED SAFA, (Sergeant),                 :          JURY TRIAL DEMAND

                    Defendant.            :

                                          :

## C I V I L   A C T I O N   COMPLAINT

### I. VERIFICATION STATEMENT

I, Brian Thompson/JQ-0773, Plaintiff *Pro Se'*, have read the foregoing Complaint and hereby verify that the matters alleged herein are true, except to those matters alleged upon information and belief, and, to those matters I believe to be true. I certify under the penalty of perjury that the foregoing is true and correct pursuant to 18 Pa. C.S.A. §4904.

### II. JURISDICITON AND VENUE

1). Jurisdiction is invested in the this Court of Common Pleas, of Montgomery County, Pennsylvania, pursuant to 42 Pa. C.S.A. §931(a), and Venue

1

is established pursuant to 42 Pa. C.S.A. §931(c), and Rule 1006(a)(1), of the Pennsylvania Rules of Civil Procedure. Therefore, the jurisdiction and venue within the Court of Common Pleas, of Montgomery County, Pennsylvania is appropriate for it is where the events given rise to the claims occurred.

### III. PARTIES

2). PLAINTIFF, Brian Thompson/JQ-0773, (Plaintiff Hereafter), is a citizen of Pennsylvania, and has a primary and physical mailing address of 1200 Mokychic Drive, Collegeville, PA 19426. Plaintiff also has a secondary mailing address for mail sent  by the Defendants at, Brian Thompson/JQ-0773, P.O. Box 33028, St. Petersburg, FL. 33733.

3). DEFENDANT, Mohamed Safa (Defendant Safa Hereafter), is an employee of the Department of Corrections, who at all times relevant, functioned in the capacity as an Sergeant, and has a main employment address of, 1200 Mokychic Drive, Collegeville, PA 19426.

4). Defendant Safa had at all times relevant, acted under the color of state law.

5). Plaintiff is pursuing a First and Eighth Amendment  Deliberate Indifference claim and tort action against Defendant Safa.

### IV. ALLEGATIONS/FACTS

### I. Retaliation

6). On March 29, 2023, at approximately 7:10am, Plaintiff received his

2

breakfast tray.

7). Plaintiff avers that upon receiving said food tray, Plaintiff then went to a table to check the tray to inquire whether there were any food items missing as it's a typical occurrence that food items are missing.

8). Plaintiff avers that while Plaintiff was standing at the table in attempt to check the tray's contents, Defendant Safa started yelling and screaming at Plaintiff stating, " take it in your cell."

9). Plaintiff stated to Defendant Safa, "I am filing a grievance for you yelling at me."

10). Plaintiff avers that Defendant Safa responded "Go ahead!"

11). On March 31, 2023, Plantiff pressed his cell call button to come out of his cell for work with the rest of the block workers; However, C/O Watson didn't open Plaintiff's door when it was time to come out to get breakfast trays.

12). Plaintiff avers that he inquired with C/O Watson, "why didn't you open my door with the rest of the am Block workers"?

13). Plantiff informed C/O Watson that this Plaintiff was a block worker; At which time C/O Watson looked at the block workers book (which identifies block workers), and indicated to this Plaintiff,  "your name, picture and hours ain't in the book."

14). On April 3, 2023, Plaintiff filed a grievance numbered at (**#1027496**), as a result of Defendant Safa removing Plaintiff from the work detail.

15). Plaintiff avered that Defendant Safa retaliated against Plaintiff for the requsting of, and the subsequent filing of a grievance; Plaintiff avered in the body of said grievance that Defendant Safa fired Plaintiff as a block worker for the filing

of the above mentioned grievance, and caused Plaintiff's name, number and picture to be removed from the block worker list.

16). Plaintiff also stated in the body of the above mentioned grievance, that during the entire length of his employment, Plaintiff even worked on his days off, and that nobody gave Plaintiff any justification and/or reason why Plaintiff's name, number and picture was removed from the block worker list, if Plaintiff was in fact still a block worker, and not fired for the filing of the above mentioned grievance.

17). On April 19, 2023, Lieutenant McCafferty issued the Initial Review Response to Plaintiff's grievance.

18). *For the purpose of exhibiting Defendant Safa's whitewashing of his malfeasance, Plaintiff avers that Initial Review Respondent Lieutenant McCafferty responded to Plaintiff's allegations by stating Plaintiff was not fired; but rather that there was a rotation of workers due to the amount of workers, and it will allow Plaintiff to have his days off. Lieutenant  McCafferty also stated Plaintiff attempted to sit at the table, and that Plaintiff would be utilized in a more **limited** capacity.*

19). *For the purpose of exhibiting Deputy Chief Grievance Officer Ms. Moore's desire to acquiesce in the whitewashing of Defendant Safa's malfeasance, Ms. Moore falsely claimed "you and other block workers are rotated so to allow you your days off", and that "There is no evidence of retaliation". Ms. Moore, also stated, "records reflect workers are rotated".*

20). Plaintiff avers that the above assertions by both *Lieutenant  McCafferty and Ms. Moore*  are not true.

21). Plaintiff avers that the above statements were a pretext for the removal of Plaintiff from his job in his previous position, and that he never attempted to sit at the table, and that this statment is an attempt to whitewash/justify Defendant Safa's firing Plaintiff for filing a grievance against him.

22). Plaintiff avers that he was the only block worker who's name, picture and cell was taken out of the the workers book and/or purportedly rotated.

23). Plaintiff requested that the video surveillance footage be preserved in grievance (**#1027496**), to demonstrate that the statements made by Lieutent McCafferty and by Ms. Moore, as contrived by Defendant Safa, were factually false.

24). Plaintiff avers that only after Plaintiff filed a grievance on Defendant Safa, did all the above adverse actions and other incidents occur.

## II. Retaliation

25). Subsequent to the avove incident, Plaintiff learned that as a result of Plaintiff filing the above mentioned grievance, Defendant Safa submitted a negitive work report in retaliation for the filing of the above metioned grievance.

26). On April 26, 2023, Plaintiff was seen by his unit counselor, Ms. Roulhac, who checked Plaintiff's file and stated to Plaintiff, "I have your work report dated April 20, 2023, and (Sergeant Safa) gave you a negitive report".

27). Plaintiff avers that he requested from Ms. Roulhac, a copy of the report written by Defendant Safa, and was told that she couldn't give Plaintiff a copy of the report, and that Plaintiff should ask unit manager, Mandee Baldwin.

28). On April 27, 2023, Plaintiff saw unit manager, Mandee Baldwin, and

asked whether she could provide Plaintiff with a copy of the (Sergeant Safa's) work report, at which time Unit manager, Mandee Baldwin stated that she would not, and that Plaintiff should speak to Sergeant Safa.

29). Plaintiff avers that the above is circumstantial evidence of the Unit management teams desire to cover-up and whitewash Defendant Safa's malfeasance.

30). On May 1, 2023, Plaintiff filed grievance (#**1032183**).

31). Plaintiff avers that within said grievance, Plaintiff stated that Defendant Safa gave Plaintiff a negative work report because Plaintiff filed grievances on him and it was done out of retaliation.

32). Plaintiff avers that Defendant Safa knows Plaintiff has his commutation papers in, and that Plaintiff never had a negative work report in over eighteen years, and that the timing of the negitive work report is indicative of retalaition.

33). Plaintiff avers that Defendant Safa never filed a negative work report prior to Plaintiff filing a grievance against him.

34). Plaintiff avers that if Defendant Safa believed Plaintiff's work ethic was poor, why would Plaintiff be allowed to work on his days off for many years. As a notabel, in the facility manager's Initial Review Response to grievance (#**1027496**), it was stated that, "Your not allowed to work on your days off." However, Plaintiff avers that he had done so for many years without comment by staff.

35). *For the purpose of exhibiting Defendant Safa's whitewashing of his malfeasance, Plaintiff avers that Initial Review Respondent* Capt. K. Young *responded to Plaintiff's allegations by stating* the same *lie as as he did in his previous Initial Review Response to grievance (#**1029617**), "Staff do not retaliate*

*against inmates for filing grievances."*

36). *Plaintiff avers that Capt. K. Young, also stated he spoke with unit manager, Mandee Baldwin and unit counselor Ms. Roulhac and that they told Plaintiff to wait for a copy of the negitive work report, because they wanted a meeting with Sergeant Safa to see why he gave Plaintiff a negative work report.*

37). *For the purpose of exhibiting Deputy Chief Grievance Officer Ms. Moore's desire to acquiesce in the whitewashing of Defendant Safa's malfeasance, Ms. Moore claimed unit manager, Mandee Baldwin and unit counselor Ms. Roulhac wanted to speak with Defendant Safa regarding the negitive work report.*

38). On or about the week of August 7th or 14th, Plaintiff spoke to counselor Ms. Tremble, and requested a copy of the Negative Work Report issued by Defendant Safa, and that she denied Plaintiff's request.

### III. Cruel And Unusual Punishments /Personal Endangerment

39). On April 3, 2023, as side yard was coming back onto the unit, Plaintiff's cellmate, Joel Muir (GB-3985), heard Defendant Safa say to inmate Michael Ortiz (#QN-8742), "Those guys in 2027 (Plaintiff's cell), are rats; They filed grievances on me."

40). Plaintiff avers that Defendant Safa said this to inmate Michael Ortiz (#QN-8742), with the intent and purpose of causing Plaintiff and inmate Joel Muir (GB-3985), personal harm.

41). On April 15, 2023, Plaintiff filed a grievance (**#1029617**), for the above stated statements as made by Defendant Safa.

42). On May 12, 2023, Capt. K. Young issued the Initial Review Response to Plaintiff's grievance.

43). *For the purpose of exhibiting Defendant Safa's whitewashing of his malfeasance, Plaintiff avers that Capt. Young stated, "inmates are not retaliated against for filing grievances." He also stated, "their is no evidence to substantiate your allegations about the statement you said Sgt. Safa made about you and your cellmate." Plaintiff avers that this response on its face is Ludacris.*

44). *In addtion to the above,* Initial Review Respondant Capt. K. Young never spoke to any of the prisoners Plaintiff mentioned in his grievance who overheard and/or was the recipient of the statements made by Defendant Safa.

45). *For the purpose of exhibiting Deputy Chief Grievance Officer Ms. Moore's desire to acquiesce in Capt. K. Young's whitewashing of Defendant Safa's malfeasance, Ms. Moore acquiesced in the malfeasance by claiming "You do not indicate this [calling Plaintiff a rat] harmed you." Plaintiff avers that such a statement in a prison setting is conducive to assault, thus the injury is obvious.*

46). Plaintiff avers that this was a violation of policy and code of ethic Section-(B)(1), thus it is ipso facto, presumed that an injury had occurred. Moreover, Plaintiff stated on page two of his grievance that Defendant Safa called Plaintiff and his cellmate A rat for filing a grievance against him. This malfeasance not only violated policy, but it endangered Plaintiff's health and safety by subjecting this Plaintiff to assault. This risk of injury was Defendant Safa's intent.

47). Plaintiff avers that Defendant Safa intentionally encouraged and sought to facilitate an assault on Plaintiff by calling Plaintiff a rat to another prisoner.

48). Plaintiff avers that Defendant Safa having many years of experience in

8

corrections, knew and/or should have known that labeling a prisoner a rat could and would likely result in that labeled prisoner being assulted by another prisoner.

## IV. Conclusion

49). Plaintiff avers that the above malicious retaliatory conduct by Defendant Safa has placed such a chill on Plaintiff's willingness to exercise his right to free speech, that Plaintiff no longer engages in such _lawful_ conduct in fear of further retaliation by either Defendant Safa and/or other staff members whom Defendant Safa may induce to retaliate against Plaintiff.

50). Plaintiff avers that policy and/or the departments code of ethics imposes a duty of care on all prisoners while Defendant Safa was opearting as a sergeant.

51). Plaintiff avers that outside any policy or code of ethic, a duty of care is imposed on all personnel while acting under the color of state law.

52). Plaintiff complied with all conditions precedent in this case and exhausted all applicable administrative remedies, or they have been waived.

53). Plaintiff alleges that the Grievance System is not constitutionally adequate as it fails to provide impartial review of issues raised, and in the following ways:

i). Department personnel review their own colleagues misconduct -- this constitutes a conflict of interest;

ii). The Department maintains a policy, custom, culture and/or practice of always concurring and/or adopting the colleagues version when it involves staff

abuse;

iii). The Facility Manager (Superintendent) always concurs with the Initial Review Respondents conclusions and/or findings into their sham investigation when it involves staff abuse;

iv). The Department's Chief Grievance Office of Inmate Appeals is an extention of the Chief Counsel's Office whom are charged with defending the Department, its agents and/or contractors; 71 P.S. §732-402. Powers and duties of counsel;

v). The Department fraudulently dismisses and/or withholds Initial Reviews; Appeal Responses and/or Final Appeal Review Responses so as to stymie a prisoners ability to exhaust administrative remedies so as to prevent a prisoner from bringing suit under the guise it's still under investigation knowing that Department policy or 42 U.S.C. §1997(e)(a), does not provide a default mechanism for Department violations of policy and/or set a deadline for the issuance of Final Appeal Review Responses that are purportedly under investigation, thus authorized to withhold said Final Appeal Review Responses in perpetuity.

54). Plaintiff avers that as a direct result of the above facts, Plaintiff cannot obtain impartial review of his complaints, and that the Chief Grievance Office and/or its subordinates have contrived illegitimate methods to either dismiss and/or deny legitimate grievances knowing a prisoner cannot disprove any contrived assertion made by a defendant, to the contrary of Plaitniff's statements; (e.g.), staff statements contrived in absentia from Plaintiff and/or a failure to include a document with the appeal when in fact the document was enclosed.

55). Plaintiff avers that any grievances cited herein, which have been dismissed and/or denied were done so to protect the Defendant despite Plaintiff complying with all Policy requisites.

## V. CAUSES OF ACTIONS

56). Plaintiffs pleads in the alternative, and sets forth the following Cause(s) of Action(s):

## COUNT-(1) DECLARATORY JUDGMENT
### DefendantS: Defendant SAFA

57). Plaintiff incorporates each and every paragraph above, and sets forth the same herein at length.

58). Plaintiff avers that as a direct or proximate result of the acts and/or omissions of the above named Defendant, as stated elsewhere in this complaint, Plaintiff is entitled to Declaratory Judgment and/or any judgment in equity so allowable under any cause of action not stated within these causes of actions, but to which the elements to such a claim have been made out.

59). Plaintiff seeks this Court to find and conclude the following:

a). THAT Plaintiff's civil rights against Cruel and Unusaul Punishments pursuant to the Eighth Amendment, were violated when of Defendant Safa retaliated against Plaintiff by endangering Plaintiff's health and safety by calling Plaintiff a rat to other inmates for the filing of grievances against the Defendant;

b). THAT Plaintiff's civil right to (*Free Speech*) pursuant to the First Amendment, was violated when Defendant Safa retalaitied against Plaintiff by terminating his inmate employment for filing grievances against the Defendant;

11

c). THAT Plaintiff's civil right to (*Free Speech*) pursuant to the First Amendment, was violated when Defendant Safa retalaitied against Plaintiff by issuing a bad work report in regard to his inmate employment for filing grievances against the Defendant.

<u>COUNT-(1)  42 U.S.C. §1983</u>
<u>FIRST AMENDMENT/RETALIATION</u>
<u>ARTICLE-I §20 RIGHT TO PETITION FOR REDRESS</u>
<u>TERMNATION FROM EMPLOYMENT</u>
<u>DEFENDANT: SAFA</u>

60). Plaintiff incorporates each and every paragraph above, and sets forth the same herein at length.

61). Count One-(1) is brought against Defendant Safa pursuant  42 U.S.C. § 1983, First Amendment, for retaliation.

62). At all times relevant, Plaintiff was engaging in a constitutionally protected activity.

63). The above named Defendants acts as stated elsewhere in this compliant, were committed against Plaintiff for the sole purpsose of retaliation.

64). Plaintff avers that the actions of Defendant Safa in Terminating Plaintiff's employment was one in retailaition for Plaintiff's filing of grievances against the Defendant.

65). Plaintiff avers that he has a protected First Amendment Right to free speech, and implicit within that right, is the right to engage in constitutionally protected activity.

66). At all times relevent, and as stated elsewhere in this complaint, Defendant Safa violated Plaintiff's First Amendment Right to Free Speech by

12

intentionally retaliating against Plaintiff for filing grievances.

67). Plaintiff avers that said conduct by Defendant Safa was in direct response to Plaintiff filing grievances.

68). Plaintiff avers that Defendant Safa's retaliatory action did not further a legitimate penological goal.

69). As a direct or proximate result of Defendant Safa's acts, Plaintiff is in great fear of exercising his First Amendment Rights, which includes, but is not limited to: 1) Being placed in fear of loss of prisoner employment; 2) receiving a contrived misconduct, and 3) any other adverse action personally may engage in.

70). Plaintiff avers Defendant Safa's acts of retaliation were sufficient to deter Plaintiff; a person of ordinary firmness, from exercising his constitutional rights.


WHEREFORE, Plaintiff seeks Nominal, Compensatory and Punitive Damages to be determined by a jury, including damages for pain and suffering, mental and emotional anguish, including Court Costs, Pre-verdict and Post-verdict interest, Delay Damages, Attorney Fees were applicable, and Single cell housing.

COUNT-(2)  42 U.S.C. §1983
FIRST AMENDMENT/RETALIATION
ARTICLE-I §20 RIGHT TO PETITION FOR REDRESS
ISSUING A BAD WORK REPOERT
DEFENDANT: SAFA

71). Plaintiff incorporates each and every paragraph above, and sets forth the same herein at length.

72). Count Two-(2) is brought against Defendant Safa pursuant  42 U.S.C. §

1983, First Amendment, for retaliation.

73). At all times relevant, Plaintiff was engaging in a constitutionally protected activity.

74). The above named Defendants acts as stated elsewhere in this compliant, were committed against Plaintiff for the sole purpsose of retaliation.

75). Plaintff avers that the actions of Defendant Safa in maliciously issuing a bad work report was one in retailaition for Plaintiff's filing of grievances against the Defendant.

76). Plaintff avers that the actions of Defendant Safa in maliciously issuing Plaintfif a bad work report knowing Plaintiff had a commutation request pending was in retailaition for Plaintiff filing of grievances against the Defendant.

77). Plaintiff avers that he has a protected First Amendment Right to free speech, and implicit within that right, is the right to engage in constitutionally protected activity.

78). At all times relevent, and as stated elsewhere in this complaint, Defendant Safa violated Plaintiff's First Amendment Right to Free Speech by intentionally retaliating against Plaintiff for filing grievances.

79). Plaintiff avers that said conduct by Defendant Safa was in direct response to Plaintiff filing grievances.

80). Plaintiff avers that Defendant Safa's retaliatory action did not further a legitimate penological goal.

81). As a direct or proximate result of Defendant Safa's acts, Plaintiff is in great fear of exercising his First Amendment Rights, which includes, but is not limited to: 1) Being placed in fear of loss of prisoner employment; 2) receiving a

contrived misconduct, and 3) any other adverse action personally may engage in.

82). Plaintiff avers Defendant Safa's acts of retaliation were sufficient to deter Plaintiff; a person of ordinary firmness, from exercising his constitutional rights.

WHEREFORE, Plaintiff seeks Nominal, Compensatory and Punitive Damages to be determined by a jury, including damages for pain and suffering, mental and emotional anguish, including Court Costs, Pre-verdict and Post-verdict interest, Delay Damages, Attorney Fees were applicable, and Single cell housing.

COUNT-(3) 42 U.S.C. §1983/EIGTH AMENDMENT
CRUEL AND UNUSUAL PUNISHMENTS
FACILITATING ASSAULT
DEFENDANT: SAFA

83). Plaintiff incorporates each and every paragraph above, and sets forth the same herein at length.

84). Count Three-(3) is brought against Defendant Safa pursuant 42 U.S.C. § 1983, Eighth Amendment, for deliberate indifference to the health and safety of Plaintiff.

85). Defendant Safa had personal knowledge of a substantial risk of serious harm to Plaintiff when the Defendant called Plaintiff a rat/snitch to other prisoners, and that such knowledge was deliberately indifferent to Plaintiff's health and Safety, and therefore violated Plaintiff's Eighth Amendment right to be free from Cruel and Unusual punishments.

86). Plaintff avers that the actions of Defendant Safa in calling Plaintiff a

rat/snitch in the presence of other inmates was one in retailaition for Plaintiff's filing of grievances against the Defendant, with the intent of causing Plaintiff to be assaulted.

87). The failure of Defendant Safa to act on his knowledge of a substantial risk of serious harm to Plaintiff was deliberately indifferent, and violated the Eighth Amendment right to be free from Cruel and Unusual punishments.

88). Plaintiff avers that that Defendant Safa's conduct violated the rights, privileges and immunity's guaranteed by the Eighth Amendment.

89). The above named Defendant's acts as stated elsewhere in this compliant, were committed against Plaintiff for the sole purpsose of retaliation and to done maliciously and sadistically to cause injury and harm to Plaintiff.

90). Plaintiff avers that Defendant Safa demonstrated deliberate indifference to Plaintiff's life and safety by calling a rat/snitch in the presence of other inmates which is notoriously known to cause prisoners to be assaulted.


WHEREFORE, Plaintiff seeks Nominal, Compensatory and Punitive Damages to be determined by a jury, including damages for pain and suffering, mental and emotional anguish, including Court Costs, Pre-verdict and Post-verdict interest, Delay Damages, Attorney Fees were applicable, and Single cell housing.

### COUNT-(4)  STATE LAW TORTS
### 42 C.S.A. §8522(b)
### RETALIATION/FACILITATING ASSAULT
### DEFENDANT: SAFA

91). Plaintiff incorporates each and every paragraph above, and sets forth

the same herein at length.

92). Count Four-(4) is brought against Defendant Safa pursuant 42 C.S.A. § 8522(b).

93). Plaintiff avers that Defendant Safa was not acting within the scope of this employment/duties when maliciously and sadistically placing Plaintiff at risk of assault.

94). Plaintiff avers that Defendant Safa intented to cause harmful or offensive contact with the plaintiff, and that such contact actually occurred.

95). Plaintiff avers that Defendant Safa intented to place Plaintiff in reasonable and immediate apprehension of harmful or offensive contact, and that said statements that Plaintiff was a rat/snitch did cause such apprehension.

96). Plaintiff avers Defendant Safa's statements were intended to inflict this contact and took the affirmative action to do so.

97). Plaintiff avers Defendant Safa's actions were unreasonable in the use of said statements in relation to his employment duties.

98). As stated elsewhere in this complaint, the actions of Defendant Safa was done without any privilege or right to place Plaintiff in danger of assault as said conduct violated state law, and were committed contrary to Department Code of Ethics and policy.

99). As stated elsewhere in this complaint, the actions Defendant Safa was committed without need or provocation, as Plaintiff in no was obstrepuous obstreperous, and said statements were not made in good-faith in an effort to maintain or restore discipline, but rather inflicted maliciously and sadistically to cause injury and harm to Plaintiff.

17

100). The above acts as stated elsewhere in this compliant, were committed against Plaintiff for the sole purpose of retaliation and to inflict unnecessary pain, discomfortant and injury, and that the Defendant's statements were not applied in good-faith in an effort to maintain or restore discipline, but rather inflicted maliciously and sadistically to cause injury and harm to Plaintiff.

101). Plaintiff avers that at all times relevant to the above mentioned conduct, Defendant Safa was not acting in his official capacity or under the color of state law, as above mentioend conduct was not within his job description, or sanctioned by policy or Department code of ethics, thus the Defendant does not enjoy immunity from suit.

102). At all times relevant, Plaintiff was engaging in a constitutionally protected activity.

103). The above named Defendants acts as stated elsewhere in this compliant, were committed against Plaintiff for the sole purpose of retaliation.

104). Plaintff avers that the actions of Defendant Safa in Terminating Plaintiff's employment was one in retailaition for Plaintiff's filing of grievances against the Defendant.

105). Plaintff avers that the actions of Defendant Safa in maliciously issuing Plaintfif a bad work report knowing Plaintiff had a commutation request pending was in retailaition for Plaintiff filing of grievances against the Defendant.

106). Defendant Safa had personal knowledge of a substantial risk of serious harm to Plaintiff when the Defendant called Plaintiff a rat/snitch to other prisoners, and that such conduct constituted assault and battery.

107). Plaintiff avers that he has a protected First Amendment Right to free

18

speech, and implicit within that right, is the right to engage in constitutionally protected activity.

108). At all times relevent, and as stated elsewhere in this complaint, Defendant Safa violated Plaintiff's First Amendment Right to Free Speech by intentionally retaliating against Plaintiff for filing grievances.

109). Plaintiff avers that said conduct by Defendant Safa was in direct response to Plaintiff filing grievances.

110). Plaintiff avers that Defendant Safa's retaliatory action did not further a legitimate penological goal.

111). As a direct or proximate result of Defendant Safa's acts, Plaintiff is in great fear of exercising his First Amendment Rights, which includes, but is not limited to: 1) Being placed in fear of loss of prisoner employment; 2) receiving a contrived misconduct, and 3) any other adverse action personally may engage in.

112). Plaintiff avers Defendant Safa's acts of retaliation were sufficient to deter Plaintiff; a person of ordinary firmness, from exercising his constitutional rights.


WHEREFORE, Plaintiff seeks Nominal, Compensatory and Punitive Damages to be determined by a jury, including damages for pain and suffering, mental and emotional anguish, including Court Costs, Pre-verdict and Post-verdict interest, Delay Damages, Attorney Fees were applicable, and Single cell housing.


## VI. JURY TRIAL DEMAND

113). Plaintiff demands a jury trial on all issues and counts so triable.

Respectfully Submitted

Brian Thompson/JQ-0773

Date: October 12, 2023

20

IN THE COURT OF COMMON PLEAS
MONTRGOMERY COUNTY, PENNSYLVANIA

BRIAN THOMPSON,                          :        CIVIL ACTION

                                         :        No._23 – 22995_

                    Plaintiff,           :
        -V-
                                         :        JURY TRIAL DEMAND

MOHAMED SAFA, (Sergeant);                :

                    Defendant.           :

                                         :

**CERTIFICATION STATEMENT**

I, Brian Thompson, Plaintiff *Pro Se*', have read the foregoing documents and hereby verify that the matters alleged herein are true, except to those matters alleged upon information and belief, and, to those matters I believe to be true. I certify under the penalty of perjury that the foregoing is true and correct pursuant to 18 Pa. C.S.A. §4904.

Brian Thompson/JQ-0773
1200 Mokychic Drive
Collegeville, PA 19426
(Mail By Court)

Brian Thompson/JQ-0773
P.O. Box 33028
St. Petersburg, FL. 33733
(Mail By Defendants)

Date: October 12, 2023

IN THE COURT OF COMMON PLEAS
MONTRGOMERY COUNTY, PENNSYLVANIA

BRIAN THOMPSON,                          :        CIVIL ACTION

                                         :        No. 23- 22995

                   Plaintiff,            :

        -V-

                                         :        JURY TRIAL DEMAND

MOHAMED SAFA, (Sergeant);                :

                   Defendant.            :

                                         :

### CERTIFICATE OF COMPLIANCE

I, Brian Thompson, Plaintiff *Pro Se',* do hereby certify that this filing complies with the Unified Judicial System of Pennsylvania and South Carolina; Case records of the trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Brian Thompson/JQ-0773                    Brian Thompson/JQ-0773
1200 Mokychic Drive                       P.O. Box 33028
Collegeville, PA 19426                    St. Petersburg, FL. 33733
(Mail By Court)                           (Mail By Defendants)

Date: October 12, 2023