E.D. Pa. Pro Se Notice, *approved February 11, 2019, revised May 8, 2023*

FROM THE OFFICE OF THE CLERK OF COURT,
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Date: December 1, 2023

Case caption: THOMPSON v. MOHAMED

Case Number: 2:23-cv-4742

Case assigned to: HONORABLE PAUL S. DIAMOND

**Please put the case number on all documents you submit to the Court regarding this case**. **Please do not contact the Judge's chambers directly about your case. Any inquiries about your case should be directed to the Clerk's Office**.

# NOTICE OF GUIDELINES FOR REPRESENTING YOURSELF (APPEARING "*PRO SE*") IN FEDERAL COURT

The purpose of this notice is to inform you that the Court has received your filing and to provide some basic guidelines for proceeding without an attorney in this civil case. Please read this document, as it is expected that throughout the course of this civil action, you will be aware of and comply with the rules and guidelines listed below. Please note, however, that this document is not intended as legal advice and is not a substitute for checking the rules that apply in your case. The information in this document is also available on the Court's website.

**General Information:**

**Appearing *Pro Se*:** If you represent yourself in Court, you are called a "*pro se* litigant" or a "self-represented litigant." "*Pro se*" is a Latin term, meaning "on one's own behalf" and a "litigant" is someone who is either suing someone or is being sued in Court. The right to appear *pro se* in a civil case in federal court is contained in a statute, 28 U.S.C. § 1654. There are, however, certain limitations to self-representation, including: (1) in general, a *pro se* litigant may only bring claims on his or her own behalf; (2) corporations must be represented by an attorney; (3) a *pro se* litigant may not represent a class in a class action; and (4) a power of attorney does not permit a *pro se* litigant who is not an attorney to represent another person in federal court.

**Rules that Apply to Your Case:** Your case is subject to the Federal Rules of Civil Procedure and the Eastern District of Pennsylvania's Local Rules of Civil Procedure, both of which you can find on the Court's website. One important rule to be aware of is Local Rule 7.1, which requires you to file and serve a proper response to all motions within fourteen (14) days unless the Judge assigned to your case directs otherwise. If you need more time to respond to a motion or comply with a deadline

E.D. Pa. Pro Se Notice, *approved February 11, 2019, revised May 8, 2023*

listed in a Court order, you must file a motion for an extension of time.  If your case is transferred to another district, the local rules in that district will apply to your case.

**Legal Advice:**  The District Judges, Magistrate Judges, *Pro Se* Law Clerks, and other Court staff cannot provide you with legal advice, meaning they cannot tell you what type of motion to file or advise you on other legal issues.  However, Clerk's Office staff can provide you with forms and inform you of the status of your case.  The Clerk of Court and other Clerk's Office staff do not have the authority to take any action with respect to your case unless a Judge or rule authorizes the Clerk to do so.  The Clerk's Office also cannot tell you when a Judge will rule in your case.

**Expectation of Civility**:  The Court expects that all litigation will be conducted respectfully by all parties before the Court.  Being respectful is required when dealing with opposing counsel, with the Court, and with the Clerk's Office in all verbal and written communications.

**Current Address**:  The Court will send orders or notices filed in your case to you at the e-mail or physical address you provided to the Court.  It is important to keep the Court and opposing counsel, if any, advised of your current address.  **Failure to do so could result in Court orders or other information not being timely delivered, which may result in your case being dismissed for failure to prosecute or may otherwise affect your legal rights.**  The Court's local rules require you to file a notice of change of address with the Clerk of Court within fourteen (14) days of an address change.  *See* Local Rule 5.1(b).

**Filing Documents with the Court:**

**Form of Submitted Documents**:  All documents you submit to the Court should be in the form of a pleading (*e.g*, complaint, amended complaint), notice, motion, brief, or supporting memorandum of law.  **Please put the caption and civil action number of your case on all documents you file in your case**.  **You should also sign and date any documents that you file with the Court**.  **If you are asking the Court to act, you must file a motion**.  Any motion should have a title including the word "motion" and state the relief you would like from the Court. Only the original of a document is required to be filed.  You do not need to send additional copies.  Be sure to keep a copy of all filings for your records.  Your submission should be legibly handwritten or typewritten. Be specific about the facts that are important to you.  Once a motion or other submission is filed, it will take time for the Court to act.  **Do not refile the same submission**.  It is important to only file motions that you have a good faith basis to file.

**Privacy Protection**:  Federal Rule of Civil Procedure 5.2 prohibits litigants in a non-habeas proceeding from submitting documents that contain personal information. Unless the Court orders otherwise, personal identifying information in Court filings must be limited as follows:

- Social security numbers, taxpayer-identification numbers, and financial account numbers must include only the last four digits (e.g., xxx-xx-1234)

2

E.D. Pa. Pro Se Notice, *approved February 11, 2019, revised May 8, 2023*

- Birth dates must include the year of birth only (e.g., xx/xx/2000)
- Names of persons under the age of 18 must be indicated by initials only (e.g., A.B.)

You are responsible for protecting the privacy of this information in your filings; the Clerk's Office will not remove it for you. If your filings contain any information that does not comply with this rule, please black out that information before sending your filing to the Court.

**Means of Filing**: Do not send documents directly to the District Judge or Magistrate Judge assigned to your case. All documents must be filed with the Clerk of Court in accordance with the procedures established by the Court. Currently, there are four ways to file your legal documents with the Court: (1) by using the Court's Electronic Document Submission ("EDS") system, which is available through the Court's website; (2) by mail; (3) by placing them in the dropbox in the courthouse lobbies, which are accessible 24 hours a day; and (4) in person with the Clerk's Office during the hours the courthouses are open to the public. More information about these filing methods can be found on the Court's website.

If you would like permission to file documents electronically using CM/ECF, you must file a motion seeking permission from the Judge assigned to your case. *See* Local Rule 5.1.2(3)(b). If you are given permission to file using CM/ECF, the Judge may terminate your CM/ECF filing privileges if you abuse the system by excessive filings, either in number or length.

**Counsel**: There is no constitutional right to counsel in a civil case as there is in a criminal case. However, if you obtain counsel or the Court appoints counsel on your behalf, all filings in your case must be made by counsel because *pro se* filings are not permitted once a litigant has counsel.

**Proceeding in a Civil Lawsuit:**

**Proceeding *In Forma Pauperis***: If you cannot afford to pay the $350 filing fee and $52 administrative fee to file your civil case, you may file a motion to proceed without prepayment of those fees (this is called proceeding *in forma pauperis*). Forms for proceeding *in forma pauperis* are available on the Court's website. If the Judge in your case allows you to proceed *in forma pauperis*, you will be permitted to proceed without prepayment of the filing fee. Please note that even if you are proceeding *in forma pauperis*, you must pay for copies of documents in your case.

If you are a prisoner litigant who is proceeding *in forma pauperis* in a civil non-habeas case, you will still be obligated to pay the entire $350 filing fee in installments in accordance with the Prison Litigation Reform Act (PLRA) regardless of the outcome of your case. *See* 28 U.S.C. § 1915(b). The Court does not have the authority to waive that requirement. You will not be entitled to the return of payments made toward the fee for any reason, even if your case is dismissed before

3

E.D. Pa. Pro Se Notice, *approved February 11, 2019, revised May 8, 2023*

service in accordance with laws that require the Court to screen *in forma pauperis* cases and cases filed by prisoners.   28 U.S.C. §§ 1915(e)(2)(B) & 1915A.

**Screening Requirements**:   Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court screens all civil cases filed by prisoners, whether the prisoner pays the filing fee and administrative fee upfront or is granted leave to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court also screens all civil cases in which a plaintiff who is not a prisoner has been granted leave to proceed *in forma pauperis*.  As soon as a screening Order is issued in your case, a copy will be sent to you.  The Court generally will not appoint counsel, rule on motions, serve your Complaint on the Defendant(s), require an Answer, or authorize discovery until after the screening process is complete.

**Service**:  If you filed a motion to proceed without prepaying the filing fee (*in forma pauperis*) and the Court grants your motion, the Court will direct service on your behalf.  The Clerk's Office will not issue summonses in your case or direct service unless your motion to proceed *in forma pauperis* is granted and the Judge in your case directs service.  You may be required to complete forms (USM-285 forms) so that service can be made in your case.  If you receive those forms in the mail, please complete them, and return them to the U.S. Marshals Service.  Failure to do so may result in the dismissal of your case.  If you paid the fees for your case, the Clerk's Office will issue summonses to you, and you are responsible for serving the defendants in your case in the manner and time described in Federal Rule of Civil Procedure 4.  Please note that if you are suing the United States, its agencies, corporations, officers, or employees, you must comply with Federal Rule of Civil Procedure 4(i).

**Sending Documents to Opposing Parties**: All pleadings and other papers submitted to the Court must be served on opposing counsel for all other parties, or directly on any parties representing themselves (proceeding *pro se*).  Please see Federal Rule of Civil Procedure 5 for more information about this requirement.

**Discovery:**  Discovery generally does not take place in a civil case until the Defendants have answered the complaint.  Please review Local Rule 26.1(f), which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  That means you must attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence before you ask the Court for help with discovery matters.  You are responsible for sending your discovery requests to the opposing party or parties in your case.  Please note that interrogatories, requests for production and inspection, requests for admission, and responses to discovery requests are generally not filed with the Court.  *See* Local Rule 26.1.  **If you do not comply with your obligations to respond to discovery, your case may be dismissed for lack of prosecution**.

**Appeals:**  If you want to appeal the dismissal of your case, you must file a notice of appeal in your district court case.  *See* Federal Rule of Appellate Procedure 3(a).  For more information about

4

E.D. Pa. Pro Se Notice, *approved February 11, 2019, revised May 8, 2023*

the appeals process, please see the website for the Third Circuit Court of Appeals for more information or contact the Third Circuit Court of Appeals.

**Notices for Prisoner Litigants:**

**Pennsylvania Department of Corrections (DOC) Mail Policy**: In accordance with the Pennsylvania DOC's policy number DC-ADM 803, Court mail must be sent to an inmate within DOC custody at the facility where the inmate is housed. Accordingly, inmates confined within the DOC should provide the Court with the address for the facility in which they are housed for purposes of the docket. Inmates should **NOT** provide the Court with the address for SMART COMMUNICATIONS, which is the contractor handling non-privileged inmate mail, because Court mail cannot be received at that address.

**Filing Date:** The filing date reflected on the Court's docket shows the date your filing was received by the Court. The *legal* filing date for your pleading may be different.

**Three Strikes Rule**: If you are a prisoner and your case is dismissed, it may affect your ability to file future civil actions while incarcerated without paying the full filing fee in advance. Under what is known as the "Three Strike Rule" of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new civil action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

**Notices for Habeas Cases**:

If you filed a petition for a writ of *habeas corpus*, the filing fee is $5.00. If you are granted leave to proceed *in forma pauperis* in a *habeas* case, you are not required to pay the filing fee. The application by a state prisoner to proceed *in forma pauperis* in a habeas case must include a certification by prison officials showing the amount in the prisoner's inmate account.

Local Rule of Civil Procedure 9.3 requires that all petitions for writs of *habeas corpus* filed by a person in state custody and all motions pursuant to 28 U.S.C. § 2255 (applicable to prisoners in custody under a federal court sentence) be filed on forms provided by the Court and shall contain the information called for by such forms. **Those forms contain important warnings about filing habeas petitions**. Briefly, petitions filed under 28 U.S.C. § 2254 and motions filed under 28 U.S.C. § 2255 must be filed within the one-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1) and are subject to limits on second or successive petitions or motions, which cannot be filed in a district court without permission from the United States Court of Appeals. This means you must include all the grounds for relief in your § 2254 petition or § 2255 motion or you may be barred from presenting additional grounds at a later date. Please note that under the rules that apply to *habeas*

E.D. Pa. Pro Se Notice, *approved February 11, 2019, revised May 8, 2023*

cases, discovery is generally not available.

**THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.  PLEASE DO NOT FILE ANY RESPONSES TO THIS NOTICE WITH THE COURT.**