### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN THOMSPON, | : |
| | : |
| Plaintiff, | :   CIVIL ACTION |
| | : |
| v. | :   No. 23-cv-4742 |
| | : |
| SGT. MOHAMED SAFA, | : |
| | : |
| Defendant. | : |

### ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of the Motion of Defendant to Partially Dismiss Plaintiff's Complaint (ECF Doc. 1-4) and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against Defendant in his official capacity are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 Eighth Amendment claims against Defendant in his individual capacity are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
Paul S. Diamond, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN THOMSPON, | : |
| | : |
| Plaintiff, | :  CIVIL ACTION |
| | : |
| v. | :  No. 23-cv-4742 |
| | : |
| SGT. MOHAMED SAFA, | : |
| | : |
| Defendant. | : |

### DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT

Defendant Mohamed Safa (incorrectly captioned as "Mohamed"), through his undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Court to partially dismiss the claims against him in Plaintiff Brian Thompson's Complaint (ECF Doc. 1-4) for the reasons stated in the accompanying memorandum of law.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By:   */s/ Brendan Mullen*
Brendan Mullen
Office of Attorney General          Deputy Attorney General
1600 Arch St., Suite 300            Attorney ID 334199
Philadelphia, PA  19103
Phone: (267) 559-1016               KAREN M. ROMANO
bmullen@attorneygeneral.gov         Chief Deputy Attorney General
                                    Civil Litigation Section

Date:  December 22, 2023            *Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN THOMSPON, | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : No. 23-cv-4742 |
| | : |
| SGT. MOHAMED SAFA, | : |
| | : |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT**

Defendant Mohamed Safa, respectfully submits this memorandum of law in support of their Motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to partially dismiss Plaintiff's Complaint.

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Brain Thompson, an inmate incarcerated at State Correctional Institution Phoenix ("SCI Phoenix") who is proceeding *pro se*, complains that Defendant Corrections Officer Mohamed Safa, in retaliation for Plaintiff filing grievances against Defendant, has violated Plaintiff's First and Eighth Amendment rights as well as a state tort claim under 42 C.S.A. § 8522(b) by stating to other inmates that Plaintiff, and his cellmate, are "rats[] [t]hey filed grievances on me" and for submitting a negative work report against Plaintiff. *See* ECF No. 1-4 (hereafter "Compl."), ¶¶ 25, 39.

Plaintiff commenced this civil action in state court (Court of Common Pleas of Montgomery County, Civil Case No. 23-22995) on October 17, 2023, and served upon Defendant on or about November 3, 2023. *See* Notice of Removal ECF No. 1, ¶ 2. On December 1, 2023,

1

Defendant timely removed this action from the Montgomery County Court of Common Pleas to this Court. ECF No. 1 ¶¶ 5-6.

## II. STATEMENT OF RELEVANT FACTS

Most of Plaintiff's Complaint consists of conclusions of law and speculation which the Court should disregard. The well-pleaded facts are scant but the factual allegations which relate to Defendant are summarized below (and, solely for the purposes of this Motion, assumed to be true).

Plaintiff states that on March 29, 2023, after receiving his food tray, he went to a table to check if there were any food items missing. Compl., ¶¶ 6-7. While Plaintiff was standing at the table, Defendant started "yelling and screaming at Plaintiff stating, 'take it in your cell.'" *Id.* at ¶ 8. This prompted Plaintiff to tell Defendant "I am filing a grievance for you yelling at me." *Id.* at ¶ 9.

Two days later, Plaintiff pressed the call button to leave his cell to work with the rest of the block workers; however, Plaintiff's door did not open. *Id.* at ¶ 11. Corrections Officer Watson, a non-party, explained to Plaintiff that neither his name, picture, nor hours were in the block workers book. *Id.* at ¶ 13. As such, on April 3, 2023, Plaintiff filed Grievance # 1027496 against Defendant for removing Plaintiff from his work detail. *Id.* at ¶ 14. Lieutenant McCafferty, a non-party, issued the Initial Review Response to Plaintiff's Grievance which stated that Plaintiff was not fired from his assignment but, rather, there was a rotation of workers due to the volume of workers and to allow Plaintiff to have days off. *Id.* at ¶¶ 17-18. Upon appeal of Plaintiff's Grievance, Ms. Moore, a non-party, reiterated Lieutenant's McCafferty's explanation for why Plaintiff was rotated. *Id.* at ¶ 19. However, Plaintiff avers that he was the only block worker whose name, picture, and cell were removed from the workers book. *Id.* at ¶ 22.

As a result of filing Grievance # 1027496, Defendant submitted a negative work report against Plaintiff. *Id.* at ¶ 25. On April 27, 2023, Plaintiff saw Unit Manager Mandee Baldwin, a non-party, regarding the negative work report and asked if Baldwin would provide Plaintiff a copy of the report. *Id.* at ¶ 28. However, Baldwin stated that she would not and that Plaintiff should speak with Defendant. *Id.*

Subsequently, Plaintiff filed Grievance # 1032183 on May 1, 2023, stating that Defendant gave Plaintiff a negative work report because Plaintiff filed grievances on him. *Id.* at ¶¶ 30-31. In response to Plaintiff's most recent grievance, Captain Young, another non-party, stated in his Initial Review, "Staff do not retaliate against inmates for filing grievances." *Id.* at ¶ 35. Later, on either the week of August 7th or 14th, Plaintiff requested a copy of the negative work report issued by Defendant but was denied. *Id.* at ¶ 38.

Plaintiff's second cause action for cruel and unusual punishment arises from April 3, 2023, when Plaintiff's cellmate, Joel Muir, heard Defendant say to inmate Michael Ortiz, "Those guys in 2027 (Plaintiff's cell), are rats; [t]hey filed grievances on me." *Id.* at ¶ 39. As a result of this incident, Plaintiff filed Grievance # 1029617 on April 15, 2023. *Id.* at ¶ 41. However, on review and appeal Plaintiff's Grievance # 1029617 was denied. *Id.* at ¶¶ 43-45.

In sum, Plaintiff alleges violations of his First and Eighth Amendment rights as well as a state law tort for retaliation/facilitating assault.[1] *Id.* at ¶¶ 59(a)-(c), 61, 72, 84, 92.

### III.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556, U.S. 662, 129 S.Ct. 1937

---

[1] For the purposes of this Motion, Defendant is moving to dismiss Plaintiff's 8th Amendment claim for cruel and unusual punishment in its entirety. To the extent that Plaintiff is asserting a violation of his First Amendment right and state tort law claim, Defendant moves to dismiss any and all claims against him in his official capacity.

(2009), pleadings standards in federal court have shifted from simple notice pleading to a more heightened form of pleading that requires a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

It is "no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." *Id.* at 233 (citing *Twomly*) (cleaned up). Thus, when presented with a motion to dismiss for failure to state a claim, the district court should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court accepts the complaint's well-pleaded facts as true but should disregard legal conclusions. *Iqbal*, 556 U.S. at 678-79. Second, the court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief; it must "show" such an entitlement with its facts. *Id.*; *see Phillips*, 515 F.3d at 234-35; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). A plaintiff's allegations that supervisory defendants allowed for the "mere possibility of misconduct" are insufficient as a matter of law. *Id.* at 133 (quoting *Iqbal*, 129 S.Ct. at 1949-50). In ruling on a motion to dismiss under Rule 12(b)(6), a court should "draw on its judicial experience and common sense" and dismiss claims where the facts merely suggest a possibility of liability, rather than "plausibly establish" it. *Iqbal*, 129 S.Ct. at 1950-51.

**IV.     ARGUMENT**

**A.     Defendant Safa, in his Official Capacity as a State Employee, is not a 'Person" Subject to Section 1983.**

Section 1983 provides a cause of action against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws." 42 U.S.C. § 1983. The statute "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To state a claim, a plaintiff must show that the defendants acted under color of state law, that they violated the plaintiff's federal constitutional or statutory rights, and that the violation of rights caused injury. *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005). With the exception of Plaintiff's state tort law claim, all of the allegations against Defendant have been brought pursuant to § 1983. Compl., ¶¶ 4-5.

It is unclear from the face of the Complaint, but to the extent that Defendant is sued in his official capacity, Defendant is a Sergeant with the Pennsylvania Department of Corrections ("DOC"). The DOC is an executive agency of the Commonwealth, 71 P.S. §§ 61, 732-102. Plaintiff's claims against Defendant in his official capacity must fail, as state employees in in their official capacities are not considered "person[s]" amenable to suit for purposes of a damages claim under § 1983. *Will v. Mich Dep't of State Police*, 491 U.S. 58, 69-71, & n. 10 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Zelinski v. Pa. State Police*, 282 F.Supp.23 251, 264 n.14 (M.D.Pa. 2003), *aff'd in part, vacated in part on other grounds*, 108 Fed. Appx. 700 (3d Cir. 2004) (same).[2] Under *Will*, and as a matter of statutory interpretation, Defendant is not amenable to suit under 42 U.S.C. § 1983 as they do not meet the definition of "persons" as used in the statute.

Therefore, all "official capacity" claims brought pursuant to § 1983 against Defendant must be dismissed with prejudice.

---

[2] To avoid confusion, Defendant Safa is <u>not</u> invoking Eleventh Amendment immunity, which was waived by removal. *See Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008) ("while voluntary removal waives a State's immunity from suit in a federal forum, the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability.").

**B.     Plaintiff Fails to Adequately Plead a Violation of His Eighth Amendment Rights.**

Plaintiff claims that Defendant violated his Eighth Amendment right by subjecting him to cruel and unusual punishment. Compl., ¶¶ 39, 47, 84, 86. More specifically, Plaintiff avers that Defendant stating to another inmate "[t]hose guys in 2027 (Plaintiff's cell), are rats; [t]hey filed grievances on me" subjected Plaintiff to personal endangerment and constituted cruel and unusual punishment. *Id.* at ¶ 39. Plaintiff further claims that Defendant's years of experience in corrections indicates that he should have known that "labeling a prisoner a rat could and would likely result in that labeled prisoner being assault by another prisoner." *Id.* ¶ 48. However, Plaintiff's assertion is inaccurate because Plaintiff pleads that Defendant labeled him a rat for filing grievances on Defendant, a DOC Sergeant at SCI Phoenix. *Id.* at ¶¶ 3, 39, 86. Plaintiff does not claim that Defendant labeled him a rat for informing on fellow inmates or in general which potentially could have posed a safety concern.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 31 (1993). An alleged deprivation of this right must be focused on a particular basic necessity. *Wilson v. Seiter,* 501 U.S. 294, 304-305 (1991). After making a showing that the conditions pose a risk of serious harm, the inmate must establish that the prison official responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *Id.* at 298.

The Supreme Court has adopted a two-prong test for determining whether a prison official violated the Eighth Amendment. The first prong is an objective determination of whether the deprivation is "sufficiently serious" such that the official's act or omission resulted "in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Life's necessities

6

include "food, clothing, shelter, sanitation, medical care, and personal safety." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). The second prong is a subjective test of whether the official has a "sufficiently culpable state of mind," that of "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834.

Defendant does not dispute that being labeled as an inmate who "snitches" or "rats" on other inmates may put that inmate at risk for harm and may form the basis for an Eighth Amendment claim. *See e.g., Easley v. Tritt*, No. 1:17-CV-930, 2021 WL 978815, at *13 (M.D. Pa. Mar. 16, 2021) (citing *Tabb v. Hannah*, No. 1:10-cv-1122, 2012 WL 3113856, at *6 (M.D. Pa. July 30, 2012); *Moore v. Mann*, 823 Fed. Appx. 92, 96 (3d Cir. 2020) (per curiam)). Moreover, even being labeled a snitch without identifying the subject matter of his snitching can create a risk of danger for an inmate. *Moore*, 823 Fed. Appx. at 94. "[P]rison officials' failure to protect an inmate labeled a 'snitch' constitutes deliberate indifference." *Id.* (citing *Irving v. Dormire*, 519 F.3d 441, 451 (8th Cir. 2008); *Benefield v. McDowall*, 241 F.3d 1267, 1270-71 (10th Cir. 2001); *Northington v. Marin*, 102 F.3d 1564, 1567 (10th Cir. 1996)). An inmate does not need to wait to be attacked to obtain relief for a deliberate indifference claim. *Id.*

However, an inmate who is known as a snitch or rat for reporting about misdeeds ***of prison staff*** is not exposed to a risk of harm implicating the Eighth Amendment. The District Court in *Jackson v. O'Brien*, C.A. No. 18-00032, 2021 WL 3174687 at *4 (W.D. Pa. July 27, 2021) recognized and explained this important distinction. In *Jackson*, the corrections officer called plaintiff a snitch for filing complaints against the corrections officer alleging that he was sexually assaulting and harassing the plaintiff. *Id.* The Court held that a prison officer labeling an inmate a snitch for complaining against the officer is different than the situation the Third Circuit faced in

7

*Moore*, and without more, does not create a substantial risk of serious harm to the inmate. *Id.* The court further reasoned that:

> [w]hile prisoners may be motivated to harm a fellow inmate who is or could be informing on them that motivation for preserving inmate anonymity and solidarity does not exist when the inmate is accused of 'snitching' to prison officials about a corrections officer or other prison official—DOC staff who the inmates so often view as opposed to their interests.

*Id.*; (*citing Bistrian v. Levi*, 696 F.3d 352, 368-70 (3d Cir. 2012); *Williams v. Thomas*, No. 12-01323, 2013 WL 1795578, at *1, *5 (E.D. Pa. Apr. 29, 2013))[3]. The Court held that there is no claim for deliberate indifference for a failure to protect claim under the Eighth Amendment when an inmate is labeled a snitch for complaining about prison officials. *Jackson*, 2021 WL 3174687 at *5. The Court noted that "[p]risoners may even favor an inmate who actively points out prison officials' alleged misconduct." *Id.*

Here, unlike in *Moore*, Plaintiff does not complain that he was labeled a "rat" for snitching on fellow inmates or in general, rather, Plaintiff makes clear that he was labeled a "rat" for filing grievances against Defendant: a Sergeant of the DOC at SCI Phoenix. Compl., ¶¶ 3, 39, 86. Not surprisingly, Plaintiff does not allege that he has faced any threats from other inmates. He simply alleges that Defendant "knew and/or should have known that labeling a prisoner a rat could and would likely result in that labeled prisoner being assaulted by another prisoner." *Id.* at. ¶ 48.

Therefore, because Plaintiff, like the plaintiff in *Jackson*, complains that he was labeled a snitch for filing grievances against a DOC staff member, not in general or for informing on other inmates, he does not adequately allege a violation of the Eighth Amendment.

---

[3] This is a "cf" citation, which the *Jackson* Court summarized that facts supported a claim for failure to protect when plaintiff claimed defendant officer labeled him a snitch in front of other inmates and threatened to hurt him for filing grievances about the officer and inmates later approached plaintiff an told him that he would be harmed if he kept writing grievances against the defendant officer.

8

**C.     Due to the Lack of Clearly Established Law Defendant is Entitled to Qualified Immunity.**

The defense of qualified immunity shields government officials, in their individual capacities, "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity requires the Court to consider two issues: (1) whether the plaintiff has shown a violation of a federal right, and (2) whether that right was "clearly established" at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court may consider these issues in any order, and the plaintiff's failure to establish either issue entitles a defendant to immunity. *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009). The Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

As previously explained by Section B *supra*, there is no plausible violation of a federal right. In the alternative, Defendant is entitled to qualified immunity as Plaintiff's claim for deliberate indifference does not violate clearly established law in this Circuit.

Satisfying the second element of qualified immunity – that the right at issue was clearly established – is a two-step process. First, a court must "define the right allegedly violated at the appropriate level of specificity," meaning that it must be defined "in light of the case's specific context, not as a broad general proposition." *Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 172 (3d Cir. 2017) (internal citation and quotation marks omitted). Second, once the right is defined, a court must "identify a case where an officer acting under similar circumstances" was held to violate the constitution. *White v. Pauly*, 137 S.Ct. 548, 552 (2017). The law does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

9

Here, due to the lack of binding Third Circuit authority on point, Defendant is entitled to qualified immunity. The Third Circuit and other circuit court of appeals have ruled that labeling an inmate a "snitch" or "rat" generally or for informing on fellow inmates is grounds for a deliberate indifference claim. *See Moore*, 823 Fed. Appx at 96; *Bistrian*, 696 F.3d at 368-70; *Benefield*, 241 F.3d at 1270-71; *Northington*, 102 F.2d at 1567. However, in this case, Plaintiff does not plead similar allegations. Rather, Plaintiff specifies that Defendant labeled him a snitch for filing grievances against Defendant, a DOC official. Compl., ¶¶ 39, 86. The label of "snitch" for complaining about prison officials is factually different than being labeled a snitch in general or for informing on fellow inmates. *See Jackson*, 2021 WL 3174687 at *4. To the extent, *arguendo*, this could be deemed deliberate indifference under binding authority at a later date, no such authority existed as of April 3, 2023, the date that Defendant's comment allegedly was made.

As such, Defendant is entitled to qualified immunity for Plaintiff's deliberate indifference claim.

## V.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant their Motion to Partially Dismiss Plaintiff's Complaint in the form of Order appended hereto.

          Respectfully submitted,

          MICHELLE A. HENRY
          Attorney General

Date: December 22, 2023      By:  */s/ Brendan Mullen*

          Brendan Mullen
          Deputy Attorney General
          Attorney ID No. 334199

| | |
|---|---|
| OFFICE OF ATTORNEY GENERAL<br>1600 Arch Street, Suite 300<br>Philadelphia, PA 19103<br>Phone: (267) 559-1016<br>Fax: (717) 772-4526<br>bmullen@attorneygeneral.gov | Karen M. Romano<br>Chief Deputy Attorney General<br>Civil Litigation Section<br><br>*Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I, Brendan Mullen, hereby certify that on this **22nd day of December 2023**, I served a true and correct copy of Defendant's Motion to Partially Dismiss upon the Plaintiff via ECF and/or USPS Fist Class Mail:

Smart Communications/PADOC
**Brian Thompson**
**JQ-0773**
PO Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

Date: December 22, 2023                    */s/ Brendan Mullen*

                                                 BRENDAN MULLEN
                                                 Deputy Attorney General