IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN THOMPSON,            : | |
|       Plaintiff,       : | |
|                            : | |
| v.                         : | Civ. No. 23-4742 |
|                            : | |
| SGT. MOHAMED SAFA,         : | |
|       Defendant.      : | |
|                            : | |

# O R D E R

*Pro se* inmate Brian Thompson three claims under § 1983 and a state tort law claim against Sergeant Mohamed Safa, a prison guard. (Doc. No. 1.) On December 22, 2023, Safa moved to partially dismiss the Complaint. (Doc. No. 7.) Plaintiff opposes (Doc. No. 13) the Motion, which I will grant.

## I.     STANDARD OF REVIEW

In deciding a motion to dismiss, I must conduct a two-part analysis. Fowler v. PMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, I must accept factual allegations, and disregard legal conclusions or mere recitations of the elements. Id. I must then determine whether the facts alleged make out a "plausible" claim. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

I must liberally construe Plaintiff's pleadings. Higgs v. Att'y Gen. U.S., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

II. **FACTUAL ALLEGATIONS**

As alleged, on March 29, 2023, Safa screamed at Plaintiff for checking the contents of his breakfast try. (Doc. No. 1 ¶ 7-8.) Plaintiff informed Safa that he would be filing a grievance. (Id. ¶ 9.) Later, on March 31, 2023, Plaintiff was removed from his normal work duty. (Id. ¶ 13.) On April 3, 2023, Plaintiff field a grievance against Safa, alleging that Safa "fired Plaintiff as a block worker for the filing of the . . . grievance." (Id. ¶¶ 14-15.) The grievance was denied. (Id. ¶ 19.)

On April 3, 2023, Plaintiff overheard Safa tell other inmates that "[t]hose guys in 2027 (Plaintiff's cell), are rats; They filed grievances on me." (Id. ¶ 39.) Plaintiff believes that Safa intended to cause Plaintiff harm with these statements. (Id. ¶ 40.) On April 15, 2023, Plaintiff filed a second grievance for Safa's statements to the other inmates. (Id. ¶ 41.) This grievance was denied. (Id. ¶¶ 43-45.)

Plaintiff alleges that in retaliation for the grievance, on April 26, 2023, Safa "submitted a negative work report" about Plaintiff. (Id. ¶¶ 26-28.) On May 1, 2023, Plaintiff filed an additional grievance, alleging that Safa gave him the negative review in retaliation for the previously filed grievance. (Id. ¶¶ 30-31.) This grievance was also denied. (Id. ¶ 34-35.)

On November 3, 2023, Plaintiff initiated this action in the Montgomery County Common Pleas Court. (Doc. No. 1.) On December 1, 2023, Defendant removed. (Id.) Plaintiff brings four counts against Safa: (1) Declaratory Judgment; (2) First Amendment Retaliation under § 1983; (3) Eighth Amendment Cruel and Unusual Punishment under § 1983; and (4) State Law Retaliation and Assault under 42 C.S.A. § 8522(b). (Doc. No. 1.)

III. **DISCUSSION**

Defendant challenges only Plaintiff's Eighth Amendment § 1983 claim. (Doc. No. 7.) Because it is unclear from the Complaint whether Plaintiff brings this claim against Safa in his

2

official or individual capacity, Defendant challenges both. (Id.) Plaintiff does not "dispute that Official Capacity does not apply to Plaintiff's complaint." (Doc. No. 13.) Because Plaintiff apparently brings no claims against Safa in his official capacity, I will address only whether Plaintiff has alleged adequately his Eighth Amendment § 1983 claims against Safa in his individual capacity.

### A. Eight Amendment

Safa urges that Plaintiff has failed to state an Eighth Amendment violation because he alleges only that he was "labeled a snitch for filing grievances against a DOC staff member, not in general or for informing on other inmates." (Doc. No. 7 at 8.) Plaintiff responds his allegations need not show unambiguously that the label of "snitch" created a substantial risk of harm. (Doc. No. 13.)

I will construe Plaintiff's Eighth Amendment "cruel and unusual punishments facilitating assault" claim as a failure to protect claim. See Higgs, 655 F.3d at 339. To prevail on this claim, Plaintiff must show that he is incarcerated under conditions posing a "(1) substantial risk of serious harm . . . and that the prison official was (2) deliberately indifferent to his safety." William v. Thomas, No. 12-1323, 2013 WL 1795578, at *3 (E.D. Pa. Apr. 29, 2013). Plaintiff must show under the second component that the prison official "actually [knew] of that excessive risk and, in turn, disregard[ed] it." Id. (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Courts in this Circuit have acknowledged the "danger of being called a snitch . . . in front of other inmates." Nunez v. Wetzel, No. 21-Cv-1484, 2024 WL 580548, at *4 (M.D. Pa. Feb. 13, 2024) (citing Williams, 2013 WL 1795578 at *5 (summarizing cases)). Plaintiff's situation is different, however, because he alleges he was labeled a "snitch" for filing grievances against correctional officers, not for providing information on other inmates. See Nunez, 2024 WL

3

580548 at *4 ("Plaintiff has failed to plead a serious risk of harm by alleging that he was labeled a 'rat' for reporting DOC staff misconduct.  This allegation does not give rise to an Eighth Amendment violation.").

Here, Plaintiff alleges only that Safa told other inmates that Plaintiff "filed grievances on [Safa]." (Doc. No. 1.)  Plaintiff has failed to allege that Safa told other inmates that Plaintiff informed on them in any way.  Rather he alleges, in conclusory fashion, that Safa "intentionally encouraged and sought to facilitate an assault on Plaintiff by calling [him] a rat to another prisoner." (Doc. No. 1.)  This does not cure the obvious defect with his Eighth Amendment claim: that he has failed to allege that Safa accused him of informing on other inmates.  See Nunez, 2024 WL 580548 at *5 (dismissing complaint because mere allegations that correctional officer called Plaintiff a rat for reporting DOC staff misconduct did not plead a serious risk of harm).

Accordingly, I will dismiss Plaintiff's Eighth Amendment claim.

### IV. CONCLUSION

I will not address Defendant's qualified immunity argument at this stage as I have determined that Plaintiff's Eighth Amendment claim will be dismissed.

* * *

**AND NOW**, this 15th day of March, 2024, upon consideration of Plaintiff's Complaint (Doc. No. 1), Defendant's Partial Motion to Dismiss (Doc. No. 7), and Plaintiff's Response in Opposition (Doc. No. 13), it is hereby **ORDERED** that:

1. Defendant's Partial Motion (Doc. No. 7) is **GRANTED**;

2. Because any amendment would be futile, Plaintiff's Eighth Amendment § 1983 claim (Count 3) is **DISMISSED with prejudice**;

3. Plaintiff's Motion for Continuance (Doc. No. 12) is **DISMISSED as moot.**

                                                **AND IT IS SO ORDERED.**

                                                  /s/ Paul S. Diamond
                                                 Paul S. Diamond, J.