IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN THOMPSON, | : | |
| Plaintiff | : | |
| | : | 2:23-cv-4742 |
| v. | : | |
| | : | |
| MOHAMED SAFA, | : | |
| Defendant | : | |

**DEFENDANT'S ANSWER TO COMPLAINT WITH
<u>AFFIRMATIVE DEFENSES</u>**

Defendant, Mohamed Safa, ("Defendant") hereby answers, through his undersigned counsel, Plaintiff Brian Thompson's Complaint (ECF Doc. 1-4) as follows:

1. Denied. This action was removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441(c); therefore, jurisdiction is proper in the United States District Court for the Eastern District of Pennsylvania.

2. Admitted.

3. Denied as a conclusion of law to which no response is required. It is admitted only that Defendant was an employee of the Department of Corrections at the relevant time of the allegations in Plaintiff's Complaint.

4. Denied as a conclusion of law to which no response is required.

5. Denied as a conclusion of law to which no response is required.

6. After reasonable investigation, Defendant is without knowledge or information sufficient to for a belief as to the truth or falsity of this assertion.

7. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

8. Denied as stated.

9. Denied as stated.

10. Denied as stated.

11. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

12. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

13. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

14. This paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

15. Denied as a conclusion of law to which no response is required. To the extent this paragraph is deemed factual in nature, it purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

16. This paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

17. This paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

18. This paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

19. This paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

20. Denied.

21. Denied.

22. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

23. This paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied. By way of further answer, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

24. Denied as a conclusion of law to which no response is required. To the extent this paragraph is deemed factual in nature, it is denied.

25. Denied as a conclusion of law to which no response is required. To the extent this paragraph is deemed factual in nature, it is denied.

26. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

27. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

28. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

29. Denied.

30. This paragraph purports to summarize the contents of a writing, which speaks for itself; nay characterizations inconsistent therewith are denied.

31. Denied as a conclusion of law to which no response is required. To the extent this paragraph is deemed factual in nature, it purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

32. Denied.

33. Denied as stated.

34. Denied as stated. By way of further response, this paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

35. This paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

36. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

37. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

38. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of this assertion.

39. – 48. By operation of the Court's Order and Opinion of March 15, 2024, no response is required.

49. Denied as a conclusion of law to which no response is required.

50. Denied as a conclusion of law to which no response is required.

51. Denied as a conclusion of law to which no response is required.

52. Denied as a conclusion of law to which no response is required.

53. (i-v). Denied as a conclusion of law to which no response is required. To the extent these paragraphs are deemed factual in nature, they are denied.

54. Denied.

55. Denied. By way of further answer, this paragraph purports to summarize the content of several writings, which speak for themselves; any characterizations inconsistent therewith are denied.

56. [*Plaintiff's Causes of Actions; no response is required*]

**COUNT I – DECLARATORY JUDGMENT AGAINST DEFENDANT SAFA**

57. Defendant incorporates herein the preceding paragraphs by reference.

58. Denied as a conclusion of law to which no response is required.

59. (a-c) [*Plaintiff's Prayer for Relief; no response is required*]

**COUNT I – FIRST AMENDMENT RETALIATION AGAINST DEFENDANT SAFA[1]**

60. Defendant incorporates herein the preceding paragraphs by reference.

61. Denied as a conclusion of law to which no response is required.

62. Denied as a conclusion of law to which no response is required.

63. Denied as a conclusion of law to which no response is required.

64. Denied as a conclusion of law to which no response is required.

65. Denied as a conclusion of law to which no response is required.

66. Denied as a conclusion of law to which no response is required.

67. Denied as a conclusion of law to which no response is required. To the extent this paragraph is deemed factual in nature, it is denied.

68. Denied as a conclusion of law to which no response is required.

69. Denied as a conclusion of law to which no response is required.

70. Denied as a conclusion of law to which no response is required.

---

[1] Defendant has tailored his Answer to match the Counts listed in Plaintiff's Complaint. Plaintiff repeats Count I for "DECLARATORY JUDGMENT" and "FIRST AMENDMENT/RETALIATION". *See* Complaint, at 11-12.

## COUNT II – FIRST AMENDMENT RETALIATION AGAINST DEFENDANT SAFA FOR ISSUING A BAD WORK REPORT

71. Defendant incorporates herein the preceding paragraphs by reference.

72. Denied as a conclusion of law to which no response is required.

73. Denied as a conclusion of law to which no response is required.

74. Denied as a conclusion of law to which no response is required.

75. Denied as a conclusion of law to which no response is required.

76. Denied as a conclusion of law to which no response is required.

77. Denied as a conclusion of law to which no response is required.

78. Denied as a conclusion of law to which no response is required.

79. Denied as a conclusion of law to which no response is required. To the extent this paragraph is deemed factual in nature, it is denied.

80. Denied as a conclusion of law to which no response is required.

81. Denied as a conclusion of law to which no response is required.

82. Denied as a conclusion of law to which no response is required.

## COUNT III – EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT

83. – 90. By operation of the Court's Order and Opinion of March 15, 2024, no response is required.

## COUNT IV – STATE LAW TORTS

91. Defendant incorporates herein the preceding paragraphs by reference.

92. Denied as a conclusion of law to which no response is required.

93. Denied as a conclusion of law to which no response is required.

94. Denied as a conclusion of law to which no response is required.

95. Denied as a conclusion of law to which no response is required.

96. Denied as a conclusion of law to which no response is required.

97. Denied as a conclusion of law to which no response is required.

98. Denied as a conclusion of law to which no response is required.

99. Denied as a conclusion of law to which no response is required. To the extent this paragraph is deemed factual in nature, it is denied.

100. Denied as a conclusion of law to which no response is required.

101. Denied as a conclusion of law to which no response is required.

102. Denied as a conclusion of law to which no response is required.

103. Denied as a conclusion of law to which no response is required. To the extent this paragraph is deemed factual in nature, it is denied.

104. Denied as a conclusion of law to which no response is required.

105. Denied as a conclusion of law to which no response is required. To the extent this paragraph is deemed factual in nature, it is denied.

106. Denied as a conclusion of law to which no response is required.

107. Denied as a conclusion of law to which no response is required.

108. Denied as a conclusion of law to which no response is required.

109. Denied.

110. Denied as a conclusion of law to which no response is required.

111. Denied as a conclusion of law to which no response is required.

112. Denied as a conclusion of law to which no response is required.

113. [*Plaintiff's Jury Trial Demand; no response is required*.]

WHEREFORE, Defendant Safa respectfully requests that Plaintiff's Complaint be dismissed and that judgment be entered in his favor.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred in whole or in part by the doctrine of qualified immunity.

2. Sovereign immunity bars any and all claims brought by Plaintiff under state law.

3. Plaintiff's claims may be barred, in whole or in part, by Eleventh Amendment immunity.

4. Plaintiff's claim is limited by the Prison Litigation Reform Act, 42 U.S.C § 1997e, *et seq.* ("PLRA"), including but not limited to the requirement that he fully and properly exhaust his administrative remedies prior to filing suit.

5. Plaintiff's recovery of damages and other relief is limited by the PLRA.

6. Defendant reserves the right to amend the affirmative defenses to reflect the evidence produced in discovery and/or at trial.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By: *s/ Brendan Mullen*
BRENDAN MULLEN
Deputy Attorney General
Attorney ID 334199

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (267) 559-1016

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

bmullen@attorneygeneral.gov

Date: September 5, 2024

Counsel for Defendant Safa

## CERTIFICATE OF SERVICE

I, Brendan T. Mullen, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 5, 2024, I caused to be served a true and correct copy of the foregoing document titled *Defendant's Answer to Plaintiff's Complaint with Affirmative Defenses* to the following:

**VIA U.S. MAIL**
**Smart Communications/PADOC**
**Brian Thompson, JQ-0773**
**SCI Phoenix**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

      *s/ Brendan Mullen*
      **BRENDAN MULLEN**
      Deputy Attorney General