IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN THOMPSON,         : | |
|         Plaintiff,  : | |
| : | |
| v.                            : | Civ. No. 23-4742 |
| : | |
| SGT. MOHAMED SAFA,   : | |
|         Defendant.  : | |
| : | |

**O R D E R**

*Pro se* inmate Brian Thompson brings First and Eighth Amendment Claims under 42 U.S.C. § 1983, a Declaratory Judgment Claim, and a state tort law claim under 42 Pa.C.S. § 8522(b) against Sergeant Mohamed Safa, a corrections officer. (Doc. No. 1-4.) On March 15, 2024, I granted Safa's Partial Motion to Dismiss Thompson's Eighth Amendment Claim. (Doc. No. 14.) On September 18, 2024, Thompson filed a Motion to Appoint Counsel under 28 U.S.C. § 1915(e)(1). (Doc. No. 22.) Unusual circumstances raise the question of whether Thompson is proceeding *in forma pauperis* under Section 1915 and is thus subject to its limitations. Because I find that Thompson is proceeding *in forma pauperis* under Section 1915, I will dismiss his claims for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). I will also deny as moot both his Motion to Appoint Counsel (Doc. No. 22), and Safa's Motion to Depose Plaintiff (Doc. No. 23).

I.    **BACKGROUND**

Thompson is an inmate at SCI-Phoenix. (Doc. No. 1-4 at 4 of 27.) Safa is employed there. (Id.) In his Motion to Appoint Counsel, Thompson asserts that he is proceeding *in forma pauperis* and unable to afford counsel. (Doc. No. 22 at 1.) Thompson did not, however, file a motion to proceed as *in forma pauperis* as required by 28 U.S.C. § 1915(a)(1). (See Docket.) Thompson originally filed his Complaint in state court, where he petitioned for, and was granted, leave to

1

proceed *in forma pauperis*. (See Doc. No. 1; Doc. No. 3 at 28-32 of 49.) The case was removed to federal court by Safa. (Doc. No. 1.) As is common in removal actions, Defendant paid the federal filing fee. (See Docket.)

## II.     **LEGAL STANDARD**

Section 1915 is "designed to ensure that indigent litigants have meaningful access to the federal courts." Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995). To proceed *in forma pauperis* and avoid paying a filing fee, an indigent plaintiff must file an affidavit that states (1) income and assets demonstrating inability to pay, (2) the nature of the action, and (3) the plaintiff's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Even if a court grants a plaintiff leave to proceed *in forma pauperis*, it "shall dismiss a case at any time" that is frivolous or fails to state a claim. § 1915(e)(2)(B). Additional provisions permit "any person unable to afford counsel" to request appointment of counsel, § 1915(e)(1), and bar subsequent *in forma pauperis* actions once a plaintiff has "three strikes," i.e., three or more filings dismissed for being frivolous or failing to state a claim, § 1915(g); see also Byrd v. Shannon, 715 F.3d 117, 126-27 (3d Cir. 2013).

Courts in this circuit have disagreed as to whether Section 1915 applies when a plaintiff has been given leave to proceed *in forma pauperis* by the state court, but the case is then removed to federal court. See Bartelli v. Beard, No. 08-cv-1143, 2008 U.S. Dist. LEXIS 116326, *11-14 (M.D. Pa. June 27, 2008) (plaintiff was *in forma pauperis* in state court and did not pay the federal filing fee at removal, so Section 1915(g) applied); Rambert v. Krasner, No. 19-cv-5249, 2020 U.S. Dist. LEXIS 3346, *8-9 & n.5 (E.D. Pa. Jan. 9, 2020) (denying Section 1915(g) applied to removed case and collecting cases); Dooley v. Wetzel, No. 18-cv-01310, 2019 U.S. Dist. LEXIS 1813, at *11-12 (M.D. Pa. Jan. 3, 2019) (plaintiff was *in forma pauperis* in state court, and federal court *sua sponte* dismissed, citing both Section 1915A and Section 1915(e)(2)(B)), *rev'd on other*

2

*grounds*, 957 F.3d 266 (3d Cir. 2020).

The Third Circuit has noted, however, that proceeding *in forma pauperis* only waives prepayment of the filing fee, which must instead be paid in installments. Porter v. Dep't of Treas., 564 F.3d 176, 180 (3d Cir. 2009). A party must still cover document, filing, and services costs. Id. at 180 n.3. A primary purpose of Section 1915 is to prevent frivolous and multiplicative federal actions. See Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019) ("This process [of screening under Section 1915] permits courts to move early to screen complaints in order to conserve judicial resources and 'the resources of defendants forced to respond to baseless lawsuits.'").

III.   **DISCUSSION**

I agree that notwithstanding Thompson's failure to file an *in forma pauperis* motion with this court, his previous petition and grant in the state court are sufficient. (Doc. No. 3 at 1); Jae v. Good, 946 A.2d 802, 806-08 (Pa. Commw. Ct. 2008) (describing Pa. R. Civ. P. 240 and related provisions for proceeding *in forma pauperis* under Pennsylvania law); see also Bartelli, 2008 U.S. Dist. LEXIS 116326 at *20-21. Moreover, Thompson's primary hurdle—the filing fee—was paid by Defendant. (See Docket.) Accordingly, Section 1915 applies to his claims.

I must now *mea sponte* evaluate whether Thompson's Complaint should be dismissed under Section 1915(e)(2)(B). See Grayson v. Mayview State Hosp., 293 F.3d 103, 108-10 (3d Cir. 2002); Brown, 941 F.3d at 660 ("[A] court has the authority to dismiss a case 'at any time' . . . ." (citing § 1915(e)(2)); Davis v. City of Philadelphia, No. 24-cv-2028, 2024 U.S. App. LEXIS 23190, at *3 (3d Cir. Sep. 12, 2024) ("[A] district court is required by statute to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim upon which relief may be granted." (citing Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021)).

3

The standard for dismissal under Section 1915(e)(2)(B)(ii) is the same as that under Rule 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). I must accept as true the factual allegations in the Complaint and construe all reasonable inferences in the plaintiff's favor. Id. I must "liberally construe a *pro se* litigant's pleadings, particularly where the *pro se* litigant is imprisoned." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

Thompson fails to make out First Amendment Retaliation, Declaratory Judgment, or a state tort claim of assault. Accordingly, I will dismiss his Complaint under Section 1915(e)(B)(2)(ii).

### A.   RETALIATION

Thompson brings two First Amendment Retaliation Claims against Safa in his individual capacity under 42 U.S.C. § 1983. (See Doc. No. 1-4; Doc. No. 13 at 5-6; Doc. No. 14 at 3.) To make out such a claim, a prisoner must allege that (1) he was engaged in constitutionally protected conduct; (2) he suffered an "adverse action" by prison officials; and (3) his constitutionally protected conduct was a "substantial or motivating factor" in prison officials' decision to take the adverse action. Wisniewski v. Fisher, 857 F.3d 152, 156 (3d Cir. 2017). Thompson has not alleged an "adverse action" for either retaliation claim.

"[T]he filing of prison grievances is a constitutionally protected activity." Winn v. Dep't of Corr., 340 F. App'x 757, 759 (3d Cir. 2009). There is no "substantive distinction between retaliation for informing prison officials of an intent to file a grievance . . . and actually filing such a grievance." Watson v. Rozum, 834 F.3d 417, 423 (3d Cir. 2016).

An adverse action must be "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000). Although adverse actions "need not be great," they must be more than *de minimis*. Watson, 834

4

F.3d at 423. Termination of prison employment may be an adverse action, but a mere change in employment or a negative work assessment, without more, is not. See Wisniewski, 857 F.3d at 157; Howard v. Coupe, No. 21-3319, 2023 U.S. App. LEXIS 4609, at *3-4 (3d Cir. Feb. 24, 2023); Shakoor v. Taggart, No. 18-cv-45, 2018 U.S. Dist. LEXIS 111318, at *9 (W.D. Pa. July 2, 2018) (no adverse action for a change in job assignment without decrease in compensation); Leach v. Biscoe, No. 22-1431, 2023 U.S. App. LEXIS 30876, at *9 (3d Cir. Nov. 20, 2023) (failing to allege any negative consequences from a "no action" resolution against prisoner).

Thompson alleges that on March 29, 2023, he received his breakfast tray and while he was checking its contents, Safa yelled at Thompson to "take it in [his] cell." (Doc. No. 1-4 at 8 of 27.) Thompson stated that he was filing a grievance against Safa for "you yelling at me," to which Safa responded, "Go ahead!" (Id. at 8 of 27, ¶¶ 9-10.) Two days later, Thompson pressed his cell button to be released as a block worker, but his door did not open. (Id. at 8 of 27, ¶ 11.) Thompson was informed by a corrections officer that he was not in the block workers book. (Id. at 8 of 27, ¶ 13.) On April 3, 2023, Thompson filed a grievance against Safa for purportedly removing him from the work detail. (Id. at 8 of 27, ¶ 14.) An Initial Review Response to Thompson's grievance, issued on April 19, 2023, found that Thompson had not been fired, but was put on rotation with the other block workers and given days off. (Id. at 9 of 27, ¶¶ 18-19.) It also stated that Thompson was not allowed to work on his days off and that he would be "utilized in a more limited capacity." (Id. at 9 of 27, ¶ 18.) An appeal of this review reiterated that block workers are rotated to give workers days off. (Id. at 9 of 27, ¶ 19.) Thompson alleges that he was the only block worker who was removed from the block workers book or rotated. (Id. at 10 of 27, ¶ 22.) Thompson alleges that he previously worked on his days off. (Id.) Thompson also alleges that weeks later, on April 20, 2023, Safa gave him a negative work report, the first Thompson had received in over 18 years.

5

(Id. at 10-11 of 27, ¶¶ 25-38.)  Thompson filed another prison grievance on May 1, 2023, against Safa after the negative work report.  (Id. at 11 of 27, ¶ 30.)

A change in job assignment must "be accompanied by more than *de minimus* negative effects (for instance, a significant change in the level of compensation)." Shakoor, 2018 U.S. Dist. LEXIS 111318, at *9.  Although Thompson's first retaliation claim is titled "Termination from Employment," (Doc. No. 1-4 at 17 of 27), he has not alleged that his employment was actually terminated.  Rather, Thompson alleges only that he was not released from his cell on a particular day because he was not in the block workers book at that time.  Two administrative reviews stated that he was not "fired," but was being rotated with other inmates and given days off.  His allegation that Safa issued a negative work report weeks later supports that Thompson was still employed.  At most, Thompson has alleged that his employment was altered.  He does not allege that this alteration caused any adverse consequences, however, such as a change in compensation, nor does he allege any consequence from Safa filing a negative work report, as the alteration of his employment occurred before the report.  (See id. at 8-10 of 27.)  As Thompson has not sufficiently alleged adverse actions, I will dismiss his Retaliation Claims.

Safa may have qualified immunity defenses to the Retaliation Claims.  See Pearson v. Callahan, 555 U.S. 223, 231 (2009) ("Government officials performing discretionary functions are insulated from suit on qualified immunity grounds where their conduct did not violate a 'clearly established statutory of constitutional right[] of which a reasonable person would have known.'").  Because I am dismissing for failure to state a claim, however, I need not address qualified immunity.

**B.     DECLARATORY JUDGMENT**

Thompson asks me to declare that his civil rights were violated by Safa's alleged conduct

6

as described. (Doc. No. 1-4 at 16-17 of 27, ¶¶ 57-59.) "Declaratory judgment is inappropriate solely to adjudicate past conduct. Nor is declaratory judgment meant simply to proclaim that one party is liable to another." Corliss v. O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006) (citation omitted); Brown v. Fauver, 819 F.2d 395, 399-400 (3d Cir. 1987) (declaratory judgment was inappropriate when plaintiff "has done nothing more than allege past exposure to unconstitutional state action"). Because Thompson asks me to adjudicate only past conduct and declare Safa's liability, this Claim is not viable, and I will dismiss.

### C. STATE LAW CLAIM

Thompson's fourth Claim, "Count-(4) State Law Torts," is "brought against Defendant Safa pursuant to 42 C.S.A. § 8522(b)." (Doc. No. 1-4 at 21 of 27.) Section 8522(b) waives sovereign immunity for negligent acts by Commonwealth employees in ten specific instances. 42 Pa.C.S. § 8522(b)(1)-(10). Thompson alleges the intentional tort of assault, however, not negligence. (Doc. No. 1-4 at 22 of 27). "Defendant Safa intended to place Plaintiff in reasonable and immediate apprehension of harmful or offensive contact, and that said statements that Plaintiff was a rat/snitch did cause such apprehension." (Id.); Cucinotti v. Ortmann, 159 A.2d 216, 217 (Pa. 1960) (assault is an act "intended to put another person in reasonable apprehension of an immediate battery.").

Thompson alleges that on April 3, 2023, his cellmate overheard Safa say to another inmate, "Those guys in 2027 [Plaintiff's cell] are rats; [t]hey filed grievances on me." (Id. at 12 of 27, ¶ 39.) Thompson filed another grievance against Safa for the alleged statement. (Id. at 12 of 27, ¶ 41.) The first administrative review found "no evidence to substantiate" Thompson's allegations. (Id. at 13 of 27, ¶ 43.) The second review stated, "You do not indicate this [statement] harmed you." (Id. at 13 of 27, ¶ 45.)

7

"Words in themselves, no matter how threatening, do not constitute an assault; the actor must be in a position to carry out the threat immediately, and he must take some affirmative action to do so." Cucinotti, 159 A.2d at 217.  Thompson has alleged no facts that he suffered apprehension of immediate harm.  (Doc. No. 1-4 at 21-23 of 27.)

Accordingly, I will dismiss Thompson's state tort claim of assault.

IV. **CONCLUSION**

In sum, I agree that Thompson is proceeding *in forma pauperis* under 28 U.S.C. § 1915(a). I have thus *mea sponte* screened Thompson's Complaint pursuant to Section 1915(e)(2)(B)(ii), and conclude I must dismiss it.  I will permit Thompson the opportunity to file an Amended Complaint within 30 days.  Both Thompson's Motion to Appoint Counsel under Section 1915(e) (Doc. No. 22), and Safa's Motion to Depose Plaintiff (Doc. No. 23), will be denied as moot.

\*   \*   \*

**AND NOW**, on this 22nd day of October, 2024, upon consideration of Plaintiff's Motion to Appoint Counsel (Doc. No. 22) and Defendant's Motion to Depose Plaintiff (Doc. No. 23), it is hereby **ORDERED** that

1. Plaintiff's Complaint (Doc. No. 1-4) is **DISMISSED without prejudice**. Plaintiff must file an Amended Complaint <u>**no later than**</u> **November 22, 2024**. Otherwise, the Complaint will be dismissed with prejudice.
2. Plaintiff's Motion to Appoint Counsel (Doc. No. 22) is **DENIED** as moot.
3. Defendant's Motion to Depose Plaintiff (Doc. No. 23) is **DENIED** as moot.
4. The Clerk of the Court **SHALL CLOSE** this case.

**AND IT IS SO ORDERED:**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.